# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-491V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
ARTHUR CONTRERAS,                             *    TO BE PUBLISHED
                                              *
                 Petitioner,                  *
                                              *
v.                                            *    Special Master Katherine E. Oler
                                              *
                                              *    Filed: May 31, 2022
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *    Attorneys' Fees and Costs; Reasonable
                                              *    Basis; Decision on Remand
                 Respondent.                  *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Paul Green*, Law Office of Paul Green, Pasadena, CA, for Petitioner
*Mary Holmes*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON FINAL ATTORNEYS' FEES AND COSTS [1]

Mr. Contreras ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") alleging, among other injuries, that he developed a maculopapular rash on his left shoulder as a result of the Shingrix and Pneumovax[3] vaccinations he received on September 7, 2018. Pet. at 1, ECF No. 1. I dismissed the petition for insufficient proof on July 10, 2020 (ECF No. 20), and Petitioner subsequently requested an award of attorneys' fees and costs. I granted his request over Respondent's reasonable basis objection. Respondent appealed this decision on the basis that the

---

[1] This Decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means the Decision will be available to anyone with access to the internet. As provided in 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. To do so, each party may, within 14 days, request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, this Decision will be available to the public in its present form. Id.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The Petition incorrectly states that Petitioner received the Pneumovax vaccine. As noted in Respondent's Rule 4(c) Report, Petitioner received both the Shingrix vaccine and the pneumococcal conjugate ("PCV-13") vaccine on September 7, 2018. *See* Ex. 2 at 49. The PCV-13 vaccine is a covered vaccine pursuant to the Vaccine Injury Table while the Shingrix vaccine is not.

petition was not supported by a reasonable basis, and further, that Petitioner had not demonstrated that he suffered the residual effects of his injury for more than six months, as required by the Vaccine Act's severity requirement. Judge Eleni Roumel remanded this decision to me on March 10, 2022 and directed that I consider whether Petitioner met the Vaccine Act's severity requirement as part of my reasonable basis analysis. ECF No. 36. After a careful review of the evidence in the record, I find that Petitioner has not demonstrated that he suffered the residual effects of his injury for more than six months. Accordingly, Petitioner's application for attorneys' fees and costs lacks reasonable basis and is **DENIED.**

## I.      Procedural History

Petitioner filed his petition on April 2, 2019. ECF No. 1. This case was assigned to my docket on April 3, 2019. ECF No. 4. Petitioner filed medical records with the petition on April 2, 2019 and filed a Statement of Completion on April 5, 2019. ECF Nos. 1, 6.

On May 4, 2020, Respondent filed a Rule 4(c) Report stating this case is not appropriate for compensation. Resp't's Rep. at 1, ECF No. 16. Specifically, Respondent stated that "petitioner alleges that he suffered a Table injury, but none of the alleged injuries are included in the Table for PCV-13. Petitioner therefore is not entitled to a presumption of vaccine causation." Respondent further noted that "Petitioner has not offered a reputable scientific or medical theory establishing that PCV-13 can cause shingles, maculopapular rash left shoulder, post-herpetic neuritis, and other postherpetic nervous system involvement." *Id.* at 5. Respondent did not raise the issue of six-month severity in his Report. *See generally* Resp't's Rep.

On July 6, 2020, Petitioner filed a status report indicating that he "prefers to simply concede that, based on the analysis in Respondent's Rule 4 report, his case should be dismissed." Pet'r's Status Rep. at 2, ECF No. 17.

On July 9, 2020, Petitioner filed a motion to dismiss his petition. ECF No. 19. On July 10, 2020, I granted that motion and issued a decision dismissing the petition. ECF No. 20.

On February 5, 2021, Petitioner filed a motion for attorneys' fees and costs (hereinafter "Fees App.") requesting a total of $18,540.00. Fees App., ECF No. 22. On February 18, 2021, Respondent filed a response to Petitioner's application, stating "there is no objective evidence that petitioner sustained an injury consistent with the VIS (vaccine information statement) or package insert petitioner has cited in support of a reasonable basis," thus Petitioner is not entitled to an award of fees and costs. Fees Resp. at 1, 9, ECF No. 23. Respondent did not raise the six-month severity issue in his response. *See generally* Resp't's Resp. Petitioner filed a reply on February 23, 2021 stating there was reasonable basis to file his claim. Fees Reply, ECF No. 24.

I granted in part Petitioner's motion in a decision issued on September 30, 2021 and awarded Petitioner $16,669.00 in attorneys' fees and costs. ECF No. 25. Respondent filed a motion for review on November 1, 2021, arguing that the petition lacked reasonable basis because (1) the presence of a rash following vaccination was not enough to confer reasonable basis even if the package insert stated that a rash was a possible side effect of vaccination; and (2) Petitioner's claim failed to satisfy the Vaccine Act's six-month severity requirement. ECF No. 27.

On November 15, 2021, Petitioner filed a response to Respondent's motion for review, arguing that the presence of a rash was enough to confer reasonable basis, and that Petitioner had suffered from the residual effects of his alleged injuries for more than six months. ECF No. 30. In support of his argument, Petitioner filed two photographs, one of which purported to show scarring on his back more than six months after vaccination. *See* ECF No. 30-6.

On November 24, 2021, Respondent filed a motion to exclude the photographs filed at ECF No. 30-6, arguing that they were untimely. ECF No. 32. Judge Roumel agreed with this position and struck ECF No. 30-6 from the record. ECF No. 35.

On March 10, 2022, Judge Roumel issued a decision remanding the case back to me for further consideration. In her decision, Judge Roumel noted that I had failed to consider the six-month severity issue and instructed me to analyze it in order to determine whether Petitioner's case had reasonable basis. Order Vacating Decision and Remanding for Further Proceedings, ECF No. 36 (Mar. 10, 2022).

On March 11, 2022, Petitioner filed a supplemental application for attorneys' fees and costs. ECF No. 37. Petitioner re-filed the previously struck photographs from ECF No. 30-6.

I held a status conference with the parties on March 17, 2022. *See* Scheduling Order of March 17, 2022, ECF No. 38. During this status conference I first discussed the scope of the remand. I indicated my belief that the scope of the remand was limited to discussion of the six-month issue. *Id.* at 1. Both parties agreed. *Id.* I next asked Respondent whether he objected to my consideration of the newly filed photographic evidence. Respondent stated that he did plan to object to the photographs filed at ECF No. 37 as untimely. *Id.* I instructed Petitioner to (1) file any and all additional medical records that existed which addressed his scarring or treatment for scarring; and (2) an affidavit describing the photographs. *Id.* I made it clear to the parties that I was not currently making a determination as to whether this evidence (the additional medical records, the photographs, or the affidavit) was admissible, but because of the timeline on remand, I would like for all the potential evidence to be collected before I made that determination. Finally, I directed the parties to file simultaneous briefs addressing whether I should consider Petitioner's newly filed evidence, and whether the evidence submitted establishes that Petitioner met the Vaccine Act's severity requirement.

On April 1, 2022, Petitioner filed an affidavit. Petitioner's Second Affidavit, ECF No. 39. In his affidavit, he stated that "there are no entries in my medical records indicating that my scarring lasted more than six months" and "I have not sought any treatment for the scarring since I filed my medical records in this court." Petitioner's Second Affidavit at 3. Petitioner stated that the photographs provided evidence that "demonstrate that my scarring lasted more than six months." Attached to this affidavit were the two photographs that Respondent objects to as untimely.

On April 22, 2022, Petitioner filed his memorandum in support of his motion for attorneys' fees and costs and argued that I am permitted to consider his newly-filed evidence in my assessment of the six-month severity issue. Pet'r's Brief, ECF No. 40.

On the same date, Respondent filed a memorandum arguing that the newly-filed evidence must be excluded and that Petitioner cannot show that he suffered from his alleged injuries for more than six months. Resp't's Brief, ECF No. 41.

This matter is now ripe for adjudication.

## II.     Petitioner's Relevant Medical History

Petitioner received the Shingrix and PCV-13 vaccinations concurrently in his left arm on September 7, 2018. Ex. 2 at 49. Petitioner's medical history prior to vaccination included sciatica, an essential tremor, glaucoma, cataracts, mild dyspnea, actinic keratosis, and hypertension. *Id.* at 20, 32, 45, 65, 77. Petitioner was 70 years-old at the time of vaccination. *Id.* at 49.

On September 9, 2018, Petitioner presented to Angel Wings Medical Associates, an urgent care center, with "left sided back pain s/p receiving shingle [sic] and PNA vaccine Friday". Ex. 2 at 2. It was noted that "[p]ain started Friday night. Pain level 7/10. Sharp needle pain" and that Petitioner had a "maculpapular [sic] rash on his left shoulder blade around T7 region with one closed vesicle." *Id.* at 2, 5. The assessment at this visit was that Petitioner had acute thoracic back pain and a shingles outbreak. *Id.* Petitioner was directed to follow up with his primary care physician and "let them know about shingle[s] outbreak after vaccine." *Id.* at 10.

On September 11, 2018, Petitioner presented to Dr. Tejas Patel, his primary care physician, complaining of a red rash on his back and stomach. Ex. 2 at 59-61. Dr. Patel noted that Petitioner also experienced abdominal pain and went to the ER when the rash broke out. *Id.* at 61. Dr. Patel's assessment was "herpes zoster"; he prescribed Petitioner with Valtrex for seven days. *Id.*

On September 19, 2018, Petitioner returned to Dr. Patel complaining of severe pain. Ex. 2 at 57-59. Petitioner described the pain as tingling, burning, and stabbing and indicated that it was more severe at night. *Id.* at 59. Dr. Patel's assessment was that Petitioner had post-herpetic neuritis and prescribed medication for treatment. *Id.*

Petitioner returned to Dr. Patel on 10/3/2018, 10/17/2018, 11/9/2018, and 12/4/2018 for his abdominal pain and rash. Ex. 2 at 49-58.

On January 2, 2019, three months and 25 days after vaccination, Petitioner saw Dr. Ahed Hanna, a neurologist, for his postherpetic neuralgia. Ex. 3 at 5-6. Petitioner's neurological exam was normal; Dr. Hanna's assessment was "other post herpetic nervous system involvement." *Id.* at 6. Dr. Hanna noted that "on September 8 [Petitioner] started having severe pain on the left side of his abdomen going backwards towards his spine. He also had blisters and rash at that place….the rash has resolved but he has scarring." *Id.*

On January 17, 2019, Petitioner saw Dr. Hanna again for his postherpetic neuralgia. Ex. 3 at 3. Dr. Hanna made no mention of Petitioner's scarring at this visit.

On March 14, 2019, Petitioner returned to Dr. Hanna with severe pain on the left side of his abdomen. Ex. 3 at 1-2. Dr. Hanna performed a neurological exam that was normal. *Id.* Dr.

Hanna's assessment remained "other post-herpetic nervous system involvement." *Id.* Dr. Hanna made no mention of Petitioner's scarring at this visit.

No additional relevant medical records have been filed.

### III.   Petitioner's Affidavit

Petitioner submitted an affidavit in support of support his petition. Ex. 4. Petitioner stated he received the Shingrix and Pneumovax vaccines[4] on September 7, 2018. *Id.* at 1. Petitioner also stated he received all his post-vaccination care from Drs. Tejas and Hanna and provided a detailed timeline of his visits. *Id.* at 1-2. Petitioner averred that he began having a rash on September 8, 2017. *Id.* at 3. He further stated that his "shingles, maculopapular rash left shoulder, post-herpetic neuritis, and other postherpetic nervous system symptoms have persisted for more than six months." *Id.* at 4.

### IV.   Parties' Arguments

Petitioner argues that I am permitted to consider his newly-filed evidence pursuant to RCFC 60.[5] In relevant part, RCFC 60(b) states that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons" (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b); …or (6) Any other reason that justifies relief." *See* RCFC 60(b) (*see also* Pet'r's Brief at 3 (omitting citations). Petitioner argues that RCFC 60 allows me to *sua sponte* grant Petitioner relief "including, but not limited to, reopening the record to consider Petitioner's newly filed evidence." Pet'r's Brief at 3.

In his Memorandum in Opposition, Respondent argues that RCFC 60(b) is an "'exception to finality,' and…must be construed narrowly in order to preserve the finality of judgements." Resp't's Brief at 8, *citing Kenzora v. Sec'y of Health & Hum Servs*., 10-669V, 2015 WL 6121582 at *4 (Fed. Cl. Spec. Mstr. Sept. 25, 2015). Citing *Goodgame v. Sec'y of Health & Hum. Servs.*, Respondent argues that reasonable basis evidence can only be submitted during the *merits* portion of a case – not while an attorney is attempting to collect fees. Resp't's Brief at 8, *citing Goodgame v. Sec'y of Health & Hum. Servs.*, 157 Fed. Cl. 62, 73 (Fed. Cl. 2021), *reissued* 2021 U.S. Claims LEXIS 2468, __ Fed. Cl. __.

### V.   Legal Standard

---

[4] As noted in footnote 3, Petitioner received the Shingrix and PCV-13 vaccines. This mistake is repeated throughout the affidavit.

[5] RCFC 60 is unhelpful to Petitioner's argument. RCFC 60(b) states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding….". Petitioner has not made a motion for relief from judgment. Furthermore, even if I were to construe Petitioner's brief as a motion for relief, Petitioner has not shown that there was a mistake or excusable neglect (RCFC 60(b)(1)), that the evidence was newly discovered (RCFC 60(b)(2)), or there was any other reason to justify relief (RCFC 60(b)(6)), as I explain in this Decision.

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is presumed where a petition for compensation is granted. Where compensation is denied, or a petition is dismissed, as it was in this case, the special master must determine whether the petition was brought in good faith and whether the claim had a reasonable basis. § 15(e)(1).

## A. Consideration of New Evidence on Remand

In the Vaccine Program, Special Masters are not "bound by common law or statutory rules of evidence but must consider all relevant and reliable evidence governed by principles of fundamental fairness to both parties." Vaccine Rule 8(a). Furthermore, while under the Federal Rules of Evidence, evidence is excluded until it is specifically admitted, "practice in the Vaccine Program is inclusive, such that materials filed are presumed admitted unless grounds are presented by specific motion to exclude them." *Veryzer v. Sec'y of Health & Hum. Servs.*, No. 06-522V, 2010 U.S. Claims LEXIS 375 at *66 (Fed. Cl. Spec. Mstr. June 15, 2010). Thus, "the party seeking exclusion of testimony bears the burden in the Program for demonstrating the ground for exclusion, and an equipoise in proof on this question cuts in favor of the proponent of the evidence." *Id.* at *66-67.

Few cases in the Vaccine Program have contemplated the submission of new evidence following the close of the evidentiary record. The Federal Circuit has previously considered four factors in determining if it was appropriate to consider new evidence with respect to the issue of entitlement: (1) whether the case was remanded on a legal or factual issue;[6] (2) whether the remand order contemplates the submission of new evidence; (3) whether the new evidence was known and available to the moving party prior to the special master's initial decision and could have been submitted in a timely fashion; and (4) whether the new evidence is material in strengthening the moving party's case and/or is outcome determinative. *See Stone v. Sec'y of Health & Hum. Servs.*, 676 F.3d 1373, 1386 (Fed. Cir. 2012), *mot. for rehearing denied*, 690 F.3d 1380 (Fed. Cir. 2012) (en banc), *cert. denied*, 569 U.S. 958 (2013).

Prior to *Stone*, the Court of Federal Claims had explored the third and fourth factors, as well as the additional factor of prejudice to the parties in *Vant Erve v. Sec'y of Health & Hum. Servs*. 39 Fed. Cl. 607 (Fed. Cl. 1997). In evaluating the third factor, whether the evidence was "known and available" to the moving party, the Court focused on the length of the delay in producing the evidence. *Id.* at 612. Specifically, the Court focused on the identity of the party that caused the delay, and if the length of the delay prejudiced the nonmoving party. *Id.* Further, Special Masters must consider the reason for the delay in submitting the evidence. *Id.*

With respect to the fourth factor, the *Vant Erve* court noted that in cases that contemplate opening the record on entitlement, "if the evidence is of marginal relevance and impact, the burden on the moving party increases dramatically with respect to the influence of the remaining factors." *Vant Erve*, 39 Fed. Cl. at 612, *citing Horner v. Sec'y of Health & Hum. Servs.* 35 Fed. Cl. 23 (1996) (noting that fundamental fairness required admission of highly probative evidence of vaccine record). On the other hand, if the evidence is "highly relevant and clearly outcome determinative," the importance of the remaining factors diminishes. *Id.*

---

[6] I have considered that this case was remanded for me to consider a factual issue in arriving at my determination.

Finally, the prejudice factor evaluates "the practical consequences of reopening [the evidentiary record] on the non-moving party's ability to re-establish its case." *Id.* at 614. Examples of prejudice to one party could include witness unavailability, the inability to conduct testing, or the potential destruction of evidence. *Vant Erve*, 39 Fed. Cl. at 607.

Recently, the Court of Federal Claims has contemplated the submission of new evidence pertaining to a petitioner's fee application that was submitted fourteen months after the close of the evidentiary record on entitlement. *See Goodgame*, 157 Fed. Cl. 62. In *Goodgame*, the special master dismissed the petition because the petitioner failed to prove that the residual effects of her alleged vaccine injury lasted more than six months as required under the Vaccine Act. *Id.* at 63. The Court in *Goodgame* stated that "evidence filed solely for the purpose of establishing reasonable basis after judgment on the merits has entered carries little, if any weight." *Id.* at 68. As the court in *Goodgame* explains, the time for introducing relevant evidence is *before* the Special Master issues a ruling on the merits, when it could aid a client's attempt to be compensated for her alleged injury, not after a client has lost on the merits and the evidence could only aid the attorney's attempt to collect fees. *Id.* To introduce evidence in such a manner is "objectively unreasonable." *Id.*

## B. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *6-7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderance evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

The Court of Federal Claims has noted that determining what constitutes "more than a mere scintilla" is a "daunting task." *Cottingham v. Sec'y of Health & Hum. Servs*., 154 Fed. Cl. 790,

795 (Fed. Cl. 2021). Citing the Fourth Circuit's ruling in *Sedar v. Reston Town Ctr. Prop., LLC*, the Federal Circuit has characterized "more than a mere scintilla" as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Cottingham*, 154 Fed. Cl. at 795, *citing Sedar v. Reston Town Ctr. Prop., LLC* (988 F.3d 756, 761 n.3 (4th Cir. 2021); *see also Kurtz v. Fels*, 63 Wash. 2d 871, 878 (Wash. 1964) (holding that proof beyond a mere scintilla requires "facts to be assessed by the senses" and something "tactile" rather than calculations); *Gibson v. Epting*, 426 S.C. 346, 352 (S.C. 2019) (describing scintilla as a "perceptible amount" and "not something conjured up by the shadows.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

### C.   Elements of a *prima facie* Case

The Vaccine Act requires petitioners to provide objective evidence of five elements to make out a *prima facie* case for compensation:

1. The Petitioner received a vaccine set forth in the Vaccine Injury Table;

2. The Petitioner received a vaccine in the United States or outside of the United States under some special circumstances;

3. The Petitioner's injuries or death were caused by the vaccine (either by showing that the injury was one listed on the Vaccine Injury Table, or by making out a prima facie case of causation-in-fact), or the vaccine significantly aggravated a pre-existing injury;

4. The Petitioner experienced the residual effects of the injury for more than six months, died, or required an in-patient hospitalization with surgical intervention; and

5. The Petitioner has not previously collected an award or settlement of a civil action for damages for such vaccine-related injury or death.

42 U.S.C. § 300aa-11(c)(1)(A)-(E). In order to establish reasonable basis, a Petitioner must present objective evidence as to each of these elements. *Cottingham*, 971 F.3d at 1344, 1345-46.

## VI.   Discussion

### A.   Consideration of Petitioner's Newly-Filed Evidence

As the Court in *Goodgame* explains, the question of *when* the Petitioner knew about the evidence and *when* Petitioner attempted to file the evidence is of importance in cases involving attorneys' fees and costs. *Goodgame*, 157 Fed. Cl. at 68. Indeed, if Petitioner's attorneys are aware of evidence that may help their client, they have a responsibility to file this evidence at the earliest opportunity. To be aware of the evidence during the merits portion of the case and *not* file it until an application for fees is pending on appeal – when it can only help the attorney and not their client – is not in keeping with the principles that underlie the Vaccine Program – to fairly compensate petitioners who have been injured by vaccines.

#### a.   *Length of the Delay*

The length of the delay clearly weighs against Petitioner in this case. Petitioner did not file the photographs until March 11, 2022.[7] ECF No. 37. An affidavit averring to their authenticity was not filed until March 23, 2022. ECF No. 39. The email from Petitioner's counsel requesting the photographs was sent to Petitioner on January 24, 2020. Petitioner's Second Affidavit, ECF No. 39-1 at 2. Petitioner responded to this inquiry with the photographs of his back on January 26, 2020. At this time, Respondent had yet to file a Rule 4 Report and the case was still in the merits stage. Petitioner's counsel was therefore aware of the evidence for approximately two years before he filed it. *See Stone*, 676 F.3d at 1386 (affirming that the Special Master was correct in excluding evidence on remand in part because the new evidence "was known and available to Petitioner prior to the special master's initial decision and could have been submitted in a timely fashion."). The correct time to file this evidence was when counsel received it, on or soon after January 26, 2020, when it would have aided his client's attempt to be compensated for his alleged injury. *Goodgame*, 157 Fed. Cl. at 68. In fact, Petitioner's attorney waited until the case was on remand to file this new evidence, well beyond the appropriate filing timeframe. *Id.* (Affirming that the Special Master had no obligation to consider medical literature evidence Petitioner's attorney filed fourteen months after the close of the merits portion of the case but before the issuance of the Special Master's fees decision). In light of the above, this factor weighs against Petitioner.

#### b.   *Reason for the Delay*

The reason for counsel's delay in filing the evidence is unclear. Petitioner's counsel received the photographic evidence of Petitioner's purported scarring from Petitioner on January 26, 2020. Petitioner's Second Affidavit, ECF No. 39-1 at 3. At this point in the case, Respondent had not yet filed a status report requesting further medical records, or his Rule 4(c) Report.

---

[7] Although Petitioner initially attempted to file the photographs on November 15, 2021 (ECF No. 30-6), the Court of Federal Claims excluded the evidence on the basis that it was untimely.

Petitioner's counsel had ample time – nearly six months before he filed his motion to dismiss – to file these records, yet he chose not to do so until the matter of fees was before the Court of Federal Claims, on appeal. The primary purpose of the Vaccine Program is to compensate persons who have suffered a vaccine-related injury. Petitioner's counsel had a responsibility to file all available evidence when it would have helped his client. He did not do so, and did not articulate a reason for the delay. This factor also weighs against Petitioner.[8]

### c. *Guidance from the Court's Remand Order*

This case was remanded to me to consider the six-month severity issue. *See Stone*, 676 F.3d at 1386. The Court's remand order does not contemplate the submission of new evidence. *See generally* Order granting Motion For Review, ECF No. 36 (Mar. 10, 2022); *see also Stone*, 676 F.3d at 1386. I therefore find that this factor weighs against Petitioner.

### d. *Prejudice to the Parties*

A party is prejudiced if its ability to prove its case is harmed. *Tembenis v. Sec'y of Health & Hum. Servs.*, 2010 U.S. Claims LEXIS 140 at *15 (Fed. Cl. Spec. Mstr. Mar. 29, 2010), *appealed on other grounds*, 733 F.3d 1190 (Fed Cir. 2013). In this case, Respondent has had a chance to respond to Petitioner's new evidence, and he has in fact done so, stating in part, "even if the court were to consider petitioner's late-filed evidence, it consists simply of context-free photographs." Resp't's Brief at 10. Respondent has not shown that he would be prejudiced by the inclusion of Petitioner's evidence. I therefore find that this factor weighs in Petitioner's favor.

### e. *Probative Value of the Evidence*

Petitioner's newly-filed evidence consists of (1) an email containing two pictures of his back purporting to show development of scarring following his vaccination, and (2) an affidavit averring that these pictures show scarring on his back. ECF No. 39 ("Petitioner's Second Affidavit"). The first photograph is dated September 19, 2018. Petitioner's Second Affidavit, Ex. A. Petitioner avers that Exhibit A is "a true and correct copy of [a] photograph taken on September 19, 2018 (12 days after the vaccinations) of the scar on my back caused by the vaccinations." Petitioner's Second Affidavit at 3. Petitioner also avers that Exhibit B is "two true and correct copies of photographs taken on January 26, 2020 (16 months after the vaccinations) of the scar on my back caused by the vaccinations."[9] *Id.*

---

[8] Although it was Petitioner's counsel's responsibility to file the evidence earlier when it would have aided his client's claim, the Vaccine Program also places a burden on Respondent to evaluate the record for completeness. For example, the requirements for Respondent's Report are set out in Vaccine Rule 4(c). The report "must contain Respondent's medical analysis of Petitioner's claims and must present any legal arguments that Respondent may have in opposition to the Petition." Vaccine Rule 4(c)(2). Respondent did not raise the six-month severity issue in his Rule 4(c) Report or in his response to Petitioner's motion for attorneys' fees. *See generally* Resp't's Rep't, ECF No. 16; Resp't's Resp., ECF No. 23. I have considered the fact that Respondent did not raise this matter before me in assessing whether to admit Petitioner's newly-filed evidence.

[9] Although Petitioner's affidavit states that two photos from 2020 were provided, only one was submitted along with the affidavit.

In examining the photographs in conjunction with Petitioner's second affidavit, I find them to be marginally helpful. The first photograph, dated September 19, 2018, shows a darkened area of skin with a red patch towards the lower right side. Although the picture could be Petitioner's back, as the second affidavit avers, it is impossible to tell this from the picture itself. The second photograph, dated January 26, 2020, shows a picture of skin with several black spots and several white marks. Aside from Petitioner's affidavit stating that this shows scarring on his back, there is no way to verify this. The two pictures are taken from different angles, there are no markings on the photographs to explain what is being shown, and Petitioner's affidavit explains none of the differences between them. Furthermore, the photographs are not part of the medical records, and in fact the only medical record which talks about scarring, from January 2, 2019, states: "on September 8 [Petitioner] started having severe pain on the left side of his abdomen going backwards towards his spine. He also had blisters and rash at that place….the rash has resolved but he has scarring." Ex. 3 at 5. While Petitioner states that these scars were on his back, the medical records indicate that he had scarring on his abdomen "going backwards towards his spine." *Id.* In addition, Petitioner's first affidavit never mentions scarring at all, but merely states that "my…maculopapular rash left shoulder…ha[s] persisted for more than six months." Ex. 4 at 4. In short, although I find the proffered evidence to be relevant with respect to the six-month severity requirement, it is only marginally so. Accordingly, this factor provides some limited support in Petitioner's favor.

      f.   Application of the Principle of Judicial Economy Suggests that Petitioner's Evidence Should Be Excluded

Although not a factor discussed in *Stone*, *Vant Erve*, *or Goodgame*, I find it is appropriate to briefly address the principle of judicial economy. At the outset, I note that both *Stone* and *Vant Erve* considered whether it was appropriate for the special master to reopen the proceedings and consider new evidence on the issue of entitlement. The case at bar does not involve the admission of evidence during the entitlement phase. In this respect, *Goodgame* is more directly on point, as the court analyzed whether newly filed evidence in the fees portion of the proceedings should be admitted. However, this case presents a different timeline than *Goodgame*. In *Goodgame*, Petitioner filed additional evidence in support of his application for fees after judgment on the merits had entered, but before the special master had issued his decision on attorneys' fees and costs.[10] In this case, Petitioner filed the evidence he asks me to consider in assessing reasonable basis *after* I had already made that very determination, and had completed my decision on attorneys' fees and costs. Admitting the evidence in question under these circumstances condones this type of late filing. It is not appropriate that petitioners file evidence previously in their possession only after a case has been appealed, as this practice results in unnecessary judicial review.

Ultimately, I have weighed the factors articulated in *Stone*, *Vant Erve*, *and Goodgame*. I find that the evidence Petitioner seeks to admit was in his attorney's possession six months prior to my dismissal of the case, and nearly two years before he offered it. Petitioner has articulated no reason explaining why this evidence was not filed either during the merits portion of the case, or

---

[10] This decision does not evaluate whether evidence submitted after judgment has entered but before a Special Master has issued a decision on fees is properly admissible.

before I made a decision on his application for fees. For these reasons, I will not consider Petitioner's recently filed photographs or his second affidavit in my analysis of the six-month severity issue.

### B.  Reasonable Basis

Based on the record currently before me, I find that Petitioner has not met his burden in showing that he suffered from his alleged injury for more than six months. According to his affidavit, Petitioner began experiencing a rash on September 8, 2018. Pet'r's Affidavit at 3. On January 2, 2019, approximately three months and three weeks later, medical records state that Petitioner's rash had resolved but that he had "scarring". Ex. 3 at 5. No later medical records discuss the existence of scarring on Petitioner's body.

Petitioner's burden is to provide more than a mere scintilla of evidence in support of his claim. This requirement includes establishing that he suffered from the effects of his injury for more than six months. In defining more than a mere scintilla of evidence, the court in *Cottingham* cited to a number of other jurisdictions. In particular, the *Cottingham* court cited *Sedar v. Reston Town Ctr. Prop., LLC* (988 F.3d 756, 761 n.3 (4th Cir. 2021). In that decision, the Fourth Circuit defined more than a mere scintilla of evidence as "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." In the case at bar, Petitioner has filed no medical literature or expert opinion evidence indicating that scars last for any defined period of time. To be sure, some scars fade and some do not. To assume that the scarring at three months and three weeks means that the same scarring would be present at six months does not constitute objective evidence beyond speculation. Because of this, I find that the evidence in the record does not meet Petitioner's burden to provide objective evidence of six months of severity. Accordingly, the petition lacks reasonable basis.

### VII.  Conclusion

In the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **DENY** Petitioner's application for attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.[11]

The Clerk's Office shall also provide a copy of this decision to Judge Roumel. *See* Vaccine Rule 28.1(a).

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.